UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                        :
JERRY RAMRATTAN,                                        :
                                                        :
                              Plaintiff,                :
                                                        :
        - against -                                     :
                                                        :
NEW YORK CITY DEPARTMENT                                :
OF CORRECTION, DORA B.                                  :
SCHRIRO, AND ROBERT CRIPPS,                             :
                                                        :
                              Defendants.               :
------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/2/12___

## OPINION AND ORDER

**11 Civ. 3059 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

Jerry Ramrattan, an inmate in the custody of the New York City

Department of Correction ("DOC"), brings this action pursuant to section 1983 of

Title 42 of the United States Code ("section 1983").[1]  Ramrattan alleges that he

was subjected to religious discrimination while incarcerated in the DOC's Riker's

Island Facilities from February 2010 to April 2011.  The Complaint names five

defendants:  the DOC; Dora B. Schriro, the DOC Commissioner; Robert Cripps,

Warden at the Anna M. Kross Center in Riker's Island; Mayor Michael R.

Bloomberg; and Raymond Kelly, the New York City Police Commissioner.

Mayor Bloomberg and Commissioner Kelly have since been dismissed from this

---

[1]      Ramrattan originally brought this action *pro se*, but currently proceeds
with counsel.

action at Ramrattan's request.  The remaining defendants now move for summary

judgment on the ground that Ramrattan has failed to exhaust his available

administrative remedies as mandated by the Prison Litigation Reform Act of 1995

(the "PLRA" or the "Act").[2]  For the following reasons, defendants' motion is

granted.

## II.   BACKGROUND

Ramrattan describes numerous instances of alleged religious

discrimination.  Ramrattan notes that at his initial intake into custody, he identified

his religion as Hindu, but upon his arrival at Riker's Island, he was issued an

identification card listing his religion as "Other."[3]  While in Riker's, Ramrattan

sought the assistance of a Hindu chaplain, but found none in the employ of the

DOC.[4]  Further, Ramrattan has been unable to avoid eating meals that violate his

religious diet and was prevented from observing several holy days.[5]  Ramrattan has

lost significant weight and is in constant pain because of the issues with non-

---

[2]     42 U.S.C. § 1997e(a).

[3]     *See* Complaint at 3.  Ramrattan suggests that the allegedly improper
listing of his religion amounted to a change of his religion by the DOC without his
consent.

[4]     *See id.*

[5]     *See id.*

conforming food.[6]  In short, Ramrattan contends that both the absence of a Hindu

chaplain and the prison's failure to provide a Hindu diet are violations of his right

to the free exercise of his religion.[7]

      During his intake, Ramrattan received the Inmate Handbook, which

describes the Inmate Grievance Resolution Program ("IGRP").[8]  Ramrattan admits

to having read the Handbook and used the IGRP on a number of other occasions

not in dispute in this action.[9]  Although Ramrattan says he filed grievances relating

to the conditions that are subject to this suit, he admits that he did not finish the

IGRP process for those grievances before bringing this action.[10]

## III.  LEGAL STANDARDS

### A.  Summary Judgment

---

[6]    *See id.* at D(1).

[7]    U.S. Const. amend. I.

[8]    *See* 2/24/12 Deposition of Jerry Ramrattan ("Ramrattan Dep."), Ex. G
to Declaration of Serena Longley, Counsel to Defendants, in Support of
Defendants' Motion for Summary Judgment ("Longley Dec."), at 112; DOC
Inmate Handbook, Ex. A to Declaration of Kimblerly Johnson, IGRP Field
Investigator, in Support of Defendants' Motion for Summary Judgment ("Johnson
Decl.").

[9]    *See* Ramrattan Dep. at 112; Records Pertaining to Ramrattan
Grievances, Exs. B - C to Johnson Decl.

[10]    *See* Ramrattan Dep. at 117 ("Q: And when they didn't respond to your
grievances, did you do anything else?  A: Well, after my grievances, I got tired of
it and filed a 1983.").

Summary judgment is appropriate "if the movant shows that there is
no genuine dispute as to any material fact and the movant is entitled to judgment as
a matter of law."[11]  "For summary judgment  purposes, a 'genuine issue' exists
where the evidence is such that a reasonable jury could decide in the non-moving
party's favor."[12]  "'A fact is material when it might affect the outcome of the suit
under governing law.'"[13]

In a summary judgment setting, "[t]he burden is on the moving party
to demonstrate that no genuine issue respecting any material fact exists."[14]  "When
the burden of proof at trial would fall on the nonmoving party, it ordinarily is
sufficient for the movant to point to a lack of evidence . . . on an essential element
of the nonmovant's claim."[15]  In turn, to defeat a motion for summary judgment,
the non-moving party must raise a genuine issue of material fact.  The non-moving

[11]     Fed. R. Civ. P. 56(a).

[12]     *Sanchez v. Connecticut Natural Gas Co.*, 421 Fed. App'x 33, 34 (2d
Cir. 2011) (quoting *Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir.
2000)).

[13]     *Carter v. Incorporated Village of Ocean Beach*, 415 Fed. App'x 290,
292 (2d Cir. 2011) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184,
202 (2d Cir. 2007)).

[14]     *Mavrommatis v. Carey Limousine Westchester, Inc.*, No. 10 Civ.
3404, 2011 WL 3903429, at *1 (2d Cir. Sept. 7, 2011) (citing *Gallo v. Prudential
Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir. 1994)).

[15]     *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir.
2009).

party "'must do more than simply show that there is some metaphysical doubt as to the material facts,'"[16] and cannot "'rely on conclusory allegations or unsubstantiated speculation.'"[17]

In deciding a motion for summary judgment, a court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'"[18]  However, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"[19] "'The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'"[20]

### B.    Exhaustion Under the PLRA

The PLRA includes a mandatory requirement that prisoners exhaust

---

[16]     *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[17]     *Id.* (quoting *Federal Deposit Ins. Corp. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

[18]     *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

[19]     *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)) (emphasis removed).

[20]     *Brod*, 653 F.3d at 164 (quoting *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)).

all administrative remedies before bringing an action regarding prison conditions.[21]

Failure to exhaust is an absolute bar to an inmate's action in federal court, as the

PLRA "*requires* exhaustion of available administrative remedies *before*

inmate-plaintiffs may bring their federal claims to court *at all*."[22]  Further, because

the PLRA states that "no action shall be brought," by its own plain meaning the

Act requires an inmate to exhaust his claims prior to filing the initial complaint;

"[s]ubsequent exhaustion after suit is filed . . . is insufficient."[23]  The United States

Supreme Court has held that "the PLRA's exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other

wrong."[24]

      The DOC's grievance process, the IGRP, is well-established.[25]  The

---

[21]    *See* 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[22]    *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (quotation marks and citation omitted, emphasis in original).

[23]    *Id.*

[24]    *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[25]    The IGRP is a four-step process that requires inmates to: (1) file a complaint with the Inmate Grievance Review Committee ("IGRC") and request a formal hearing, (2) appeal to the facility warden or his designee, (3) appeal to the Central Office Review Committee ("CORC"), and (4) appeal to the New York City

IGRP requires that even where an inmate files a grievance and receives no response, the inmate must nevertheless exhaust his appeals to the facility warden, the CORC, and the Board of Correction.[26] "Complaints and communications made outside of formal grievance procedures do not satisfy the PLRA's exhaustion requirement."[27] Failure to exhaust is an affirmative defense that must be raised by the defendants. However, a defendant can be estopped from asserting this affirmative defense when the defense is not timely raised or if the defendant took some action to inhibit the inmate from exhausting his administrative remedies.[28]

## IV. DISCUSSION

Ramrattan failed to exhaust the administrative remedies available to him as required by the PLRA. By his own telling, Ramrattan initiated the instant suit after completing at most only the first of the four steps required by the IGRP.[29]

---

Board of Correction. *See Bush v. Horn*, No. 07 Civ. 3231, 2010 WL 1712024, at *3 (S.D.N.Y. Mar. 2, 2010).

[26] See *Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, at *10 (S.D.N.Y. Nov. 1, 2005).

[27] *Jones v. Rikers Island Care Custody*, No. 07 Civ. 10414, 2010 WL 148616, at *2 (S.D.N.Y. Jan. 14, 2010).

[28] See *Veloz v. New York*, 339 F. Supp. 2d 505, 515–16 (S.D.N.Y. 2004) (collecting cases).

[29] *See* Ramrattan Dep. at 117.

His counsel admitted as much to the Court.[30]  As this Court has previously

explained,

> [t]o determine whether a prisoner has exhausted his administrative
> remedies, a court must look at three factors: (1) whether the
> administrative remedies are "available" to the inmate; (2) whether
> the defendant is estopped from asserting an exhaustion defense;
> and (3) whether special circumstances exist that would excuse the
> inmate from fulfilling his exhaustion requirements.[31]

All three factors favor summary judgment for the defendants.

*First*, administrative remedies were available to Ramrattan.  "The test

for deciding whether the ordinary grievance procedures were available must be an

objective one:  []would 'a similarly situated individual of ordinary firmness' have

deemed them available."[32]  Ramrattan has admitted that the procedures were

available and a similarly situated individual of ordinary firmness would agree.

Ramrattan opted to forgo the IGRP and initiate this action because "he got tired of

it," not because the procedures were unavailable.[33]

*Second*, defendants are not estopped from raising an exhaustion

---

[30]  *See* Transcript of 5/11/12 Proceedings, Ex. H to Longley Decl., at 3-4.

[31]  *Williams v. Department of Corr.*, No. 11 Civ. 1515, 2011 WL
3962596, at *5 (S.D.N.Y. Sept. 7, 2011) (citing *Hemphill v. New York*, 380 F.3d
680, 686–91 (2d Cir. 2004)).

[32]  *Hemphill*, 380 F.3d at 688 (quoting *Davis v. Goord*, 320 F.3d 346,
353 (2d Cir. 2003)).

[33]  Ramrattan Deposition at 117.

defense. Defendants have not waived the defense, as the issue was raised in a timely fashion, and Ramrattan has not alleged that defendants took any action to inhibit him from participating in the grievance procedure.

*Third*, Ramrattan has failed to describe any special circumstances that would excuse the exhaustion requirement. Thus, the following facts are not in dispute: (1) Ramrattan knew about the DOC's grievance procedures; (2) those procedures were readily available to him; and (3) Ramrattan did not exhaust his remedies under those procedures prior to filing this suit. On these undisputed facts, defendants are entitled to Summary Judgment because Ramrattan failed to exhaust his administrative remedies.[34] Defendants' motion for summary judgment is granted. The Clerk of the Court is directed to close this motion [Doc. 47] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           August 2, 2012

---

[34]     Ramrattan has not raised a disputed material issue of fact on the matter, nor has he demonstrated why defendants should be estopped from raising the defense or why he should be excused from the exhaustion requirement.

9

- Appearances -

**For Plaintiff:**

David Segal, Esq.
30 Vesey Street, Room 900
New York, New York 10007
(212) 406-9200

**For Defendants:**

Serena Mabel Longley
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-0957